## FOWLER v. PEET.

(Circuit Court, E. D. Pennsylvania.　May 28, 1909.)

### No. 200.

1. BANKS AND BANKING (§ 77*)—ACTION BY RECEIVER ON NOTES—DEFENSES—AGREEMENT BY OFFICERS TO ACCEPT SUBSTITUTED SECURITIES.

An agreement by the officers of a bank holding notes of defendant to accept from a corporation satisfactory securities in substitution for such notes constitutes no defense to an action on the notes by a receiver for the bank, where no substitute securities were presented by the corporation prior to the bank's failure.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 176; Dec. Dig. § 77.*

Actions by and against receiver and agents of national banks, see note to McCartney v. Earle, 53 C. C. A. 398.]

2. JUDGMENT (§ 852*)—STAY OF PROCEEDINGS FOR ENFORCEMENT—EQUITABLE SET-OFF.

Where the defendant in an action at law in a federal court by the receiver of a bank claims an equitable set-off, proceedings for collection of the judgment recovered may properly be stayed to give him an opportunity to establish his claim in equity.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1564; Dec. Dig. § 852.*

Restraining enforcement of judgment pending establishment or enforcement of set-off or counterclaim, see note to Frye-Brulin Co. v. Meyer, 58 C. C. A. 532.]

At Law.　On motion for new trial.
See, also, 170 Fed. 618.

Charles Biddle, for plaintiff.
John McClintock, Jr., for defendant.

HOLLAND, District Judge.　I have made a careful review of the evidence in this case in connection with the reasons for a new trial filed by the defendant.　The evidence in the cause establishes that the bank officials had agreed to accept satisfactory securities from the bridge company in substitution for the indebtedness of the defendant to the bank.　The bridge company, in accordance with its agreement, had either paid or substituted securities for the entire amount of Mr. Peet's indebtedness, to wit, $49,250, with the exception of the amount of the notes in suit, to wit, $10,000; and it is also established by the evidence that as to these notes an official of the bridge company, upon several occasions, called at the bank and made inquiries about substituting other securities for these notes in a somewhat indefinite and vague manner.　The bridge company, however, never appeared or presented either cash or other securities in payment of the notes, so that there never was any payment by the bridge company in accordance with the agreement, and, of course, Mr. Peet has never been relieved from liability on the notes, as this was to take place when the bridge company had either paid them in full or substituted other satisfactory securities.　The bridge company never paid or gave other securities.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The cases cited by the defendant in his brief have no application to this case other than to support the proposition that the bank was bound to carry out its agreement to accept satisfactory securities in lieu of the Peet notes, and there is no question but that at any time before the failure of the bank Peet and the bridge company could have compelled the bank to have lived up to its agreement. The motion for a new trial is therefore overruled.

It appears that Peet, in his defense, offered to show that the bank, prior to its failure, received $22,000 in money on deposit from the bridge company, which money belonged to the defendant. This sum of money, it is alleged, was a debt due the bridge company, and had been assigned by it to Mr. Peet in payment of an indebtedness due him from the company, and that shortly after the assignment the officers of the bridge company collected the same and deposited the amount in its name in the bank at Manasquan, and that this deposit is the property of the defendant. Being an equitable set-off, it could not be pleaded as a defense in a common-law action in the United States courts, and suit was instituted against the receiver of the bank of Manasquan, who was in attendance at the trial of this case. The summons was served in the corridor of the building in which the United States courts are held, and we think in violation of his privilege from service of any writ in a civil action while attending court. He was in attendance not only as plaintiff, but also in obedience to a subpœna served upon him by the other side. There is a motion pending in that case to set aside the service, which has been sustained and the service of the summons against the receiver set aside, but we are of the opinion that the defendant is entitled to a stay of further proceeding on the judgment in this case until the questions involved in the other are disposed of.

It is therefore ordered that all proceedings in the above case be stayed for a period of 30 days to enable the defendant to file a bill or institute such other proceedings as he may deem necessary in order that the questions as to his right to the fund above mentioned may be determined.